IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL ROBERT HAMILTON, )<br># B-26391, )<br>)<br>)<br>           Plaintiff, )<br>)<br>vs. )<br>)<br>MR. MICH, )<br>TODD LOWELL, )<br>RYAN BASTEN, )<br>RICHARD PHARRELL, )<br>KIMBERLY BUTLER, )<br>JOHN BALDWIN, )<br>BOARD MEMBERS OF ILLINOIS )<br>DEPARTMENT OF CORRECTIONS, )<br>and BRUCE RAUNER, )<br>)<br>           Defendants. ) | Case No. 16-cv-1050-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

   Plaintiff Daniel Robert Hamilton, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The case is now before the Court for a preliminary review of the First Amended Complaint[1] pursuant to 28 U.S.C. § 1915A, which provides:

---

[1] Plaintiff filed his original complaint on September 19, 2016. (Doc. 1). Although far from clear, the original complaint attempted to bring claims pertaining to one or more allegedly false disciplinary reports that resulted in Plaintiff being transferred from a medium security facility to a maximum security facility. On December 7, 2016, Plaintiff filed a First Amended Complaint. (Doc. 8). The First Amended Complaint names new defendants and seems to focus on different allegedly false disciplinary reports. A party may amend its pleading once as a matter of course. FED. R. CIV. P. 15(a)(1). Accordingly, the Court proceeds with screening Plaintiff's First Amended Complaint. To the extent Plaintiff intended to supplement rather than replace the claims in his original complaint, such supplementation is not permitted. An amended complaint supersedes the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint stands on its own, and the Court's preliminary review is limited to the assertions in the First Amended Complaint.

>   (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>   (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

As is explained in greater detail below, Plaintiff's complaint violates the pleading requirements of the Federal Rules of Civil Procedure. For this reason, the complaint shall be dismissed without prejudice and with leave to amend.

## The First Amended Complaint

The allegations in the First Amended Complaint are rambling and often incoherent. Although it is far from clear, it appears Plaintiff is attempting to assert one or more claims relating to the loss of good conduct credit and/or inmate privileges based upon one or more false disciplinary reports written by defendants Richard Pharrell and/or Ryan Basten. Specifically, in the First Amended Complaint, Plaintiff repeatedly references a "4th bad false report." At times, the "4th bad false report" appears to reference a disciplinary report written by Basten on June 28, 2016.[2] But the "4th bad false report" is also linked to a report written by a "bad corrections officer" on "July 6, 2016, the summer of this 21st century." After reviewing the 118 pages of exhibits attached to the First Amended Complaint, the Court was able to locate a record of disciplinary proceedings related to a disciplinary report lodged by an Officer Richard *Ferrell* on

---

[2] The First Amended Complaint asserts Basten wrote the "4th bad false report" (Doc. 8, p. 2) and further indicates the report was written "on 6-28-2016 around 4:00 pm." (Doc. 8, p. 6). Approximately 118 pages of exhibits are attached to the First Amended Complaint. There is no clear logic to Plaintiff's selection of exhibits. The Court notes a disciplinary report dated June 28, 2016 written by "R. Basten" is included in Plaintiff's exhibits. (Doc. 8-1, p. 21). It is not clear what, if any, disciplinary action resulted from this disciplinary report or if a disciplinary hearing was held in relation to this report.

July 6, 2016. The Court can only surmise that Plaintiff's allegations regarding Richard *Pharrell*[3] relate to Officer Richard *Ferrell*'s July 6, 2016 disciplinary report, the subsequent hearing related to the same, and the resultant loss of good-time credit. (Doc. 8-1, p. 17).

As to the remaining defendants, the First Amended Complaint is devoid of specific factual allegations. The allegations against these defendants are either non-existent or so minimal that no claims can be extrapolated from them.

Finally, the First Amended Complaint purports to assert one or more claims against Pharrell for his "deliberate, evil, malicious intent to inflict harm or damages" on Plaintiff. (Doc. 8, p. 7). No specific factual allegations are tied to Pharrell's alleged wrongful conduct. Plaintiff merely states that the alleged conduct gives rise to claims under the First, Fourth, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments, as well as claims for torture, deliberate indifference, conspiracy to violate civil rights, conspiracy to violate human rights, negligence, and discrimination of the handicapped. *Id.*

In connection with the above, Plaintiff seeks monetary relief. (Doc. 8, p. 8)

## **Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a). Additionally, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The allegations in the complaint must "actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.2008) (emphasis in original). At the same time,

---

[3] The First Amended Complaint describes Pharrell as a lieutenant and judge. It goes on to assert Pharrell presided over Plaintiff's disciplinary hearing relating to a false disciplinary report and that the hearing resulted in a loss of good conduct credit.

however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### Discussion

The allegations in the First Amended Complaint stray far afield of the pleading standards set forth in Rule 8(a). The purpose of this rule is to ensure defendants have "fair notice of the claims against them and the grounds supporting those claims." *See Lawrence v. Secretary of State*, 467 F. App'x 523, 524 (7th Cir. 2012) (*citing Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011)). As it is written, this Court and the defendants have no way to assess Plaintiff's complaint or to determine whether the pleading states any legitimate claims.

The complaint does not provide a plain statement of Plaintiff's claims, as required by Rule 8. For example, the First Amended Complaint fails to assert basic factual allegations in support of clearly identified claims. As a result, many of the allegations are incoherent and virtually incomprehensible. Also, as noted above, the First Amended Complaint is devoid of specific factual allegations as to several of the defendants and/or the allegations are so minimal that no claims can be derived from them.[4]

The lack of clarity in the First Amended Complaint also makes it difficult for the Court to discern if Plaintiff's request for damages is barred by *Heck v. Humphrey*, 512 U.S. 477, 487–89 (1994) (prisoner has no cause of action under § 1983 for damages arising out of a conviction or sentence unless the conviction/sentence is first reversed, expunged, or invalidated). *See also Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (the ruling in a prison disciplinary proceeding is a conviction for the purposes of *Heck* analysis). Considering Plaintiff's references

---

[4] Some of the defendants are mentioned only in the case caption. This is, of course, insufficient, because liability under Section 1983 hinges on personal participation in a constitutional deprivation. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citation omitted); *see also Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Naming an individual in the case caption does not demonstrate that individual's personal participation in a constitutional violation.

to the revocation of good conduct credits, one or more of his claims may be prohibited under *Heck*.

Finally, although Plaintiff generically states that certain defendants failed to follow administrative policies applicable to disciplinary proceedings, the Court cannot determine if Plaintiff was afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed). Absent more specific factual allegations regarding these procedural protections, the Court cannot discern whether Plaintiff's claims pertaining to false disciplinary charges are viable. *See Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984) (holding that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff* ).

Because Plaintiff has failed to set forth basic factual allegations in support of clearly identified claims, he has failed to state a claim upon which relief may be granted. Accordingly, the First Amended Complaint cannot proceed, and it shall be dismissed. The dismissal will be without prejudice, however, and Plaintiff will have an opportunity to file a Second Amended Complaint if he wishes to proceed with his claims.

## Pending Motions

Plaintiff also filed a Motion for Recruitment of Counsel (Doc. 3), which is **DENIED** without prejudice. When a *pro se* litigant requests the assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (*citing Pruitt v. Mote*, 503 F.3d 647,

654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (*quoting Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

In his motion, Plaintiff indicates that he has asked family members and a friend for assistance, but he fails to provide any detail with regard to his efforts to obtain an attorney. Absent detailed information describing Plaintiff's efforts to obtain counsel, the Court is unable to determine whether Plaintiff has made *reasonable* attempts to secure counsel on his own. For these reasons, Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice to Plaintiff filing another motion for recruitment of counsel at some point in the future.

Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion; (2) include in the motion the name and addresses of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation. Plaintiff also should include in his motion a statement as to why he believes recruitment of counsel is necessary in his case.

**Disposition**

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 8) is **DISMISSED without prejudice** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure and for failure to state any claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, in order to proceed with this action, Plaintiff is **DIRECTED** to submit his Second Amended Complaint within 28 days of the entry of this order (**January 12, 2017**). He should label the form Second Amended Complaint, and he should use the case number for this action. The amended complaint shall split each of Plaintiff's claims into separate counts, labeled Count 1, Count 2, and so on. For each count, Plaintiff should state, in chronological order, what happened to him that constituted a deprivation of his constitutional rights, and who was personally involved. Plaintiff should keep his allegations clear and concise.

Plaintiff is **ADVISED** that should he decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that an amended complaint supersedes the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir.2004). The Court will not accept piecemeal amendments to a complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any other pleading. Should the Second Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. With regard to exhibits, the Court emphasizes that only *relevant* exhibits should be included. Voluminous exhibits are not necessary at this point in the litigation.

Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED:  December 15, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**