## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL ROBERT HAMILTON, <br> # B-26391, <br><br> Plaintiff, <br><br> vs. <br><br> RYAN BASTEN, <br> RICHARD PHARRELL, <br> KIMBERLY BUTLER, <br> JOHN BALDWIN, <br> BOARD MEMBERS OF ILLINOIS <br> DEPARTMENT OF CORRECTIONS, <br> and BRUCE RAUNER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br> Case No. 16-cv-1050-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Daniel Robert Hamilton, an Illinois Department of Corrections ("IDOC") inmate at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on September 19, 2016. (Doc. 1). Although far from clear, the original complaint attempted to bring claims pertaining to one or more allegedly false disciplinary reports that resulted in Plaintiff being transferred from a medium security facility to a maximum security facility. Before the Court could screen Plaintiff's original complaint, he filed a First Amended Complaint (Doc. 8), which he was entitled to do without leave of court under Federal Rule of Civil Procedure 15(a)(1)(A).

The First Amended Complaint named new defendants and seemed to focus on different false disciplinary reports. Specifically, Plaintiff repeatedly referenced a "4th bad false report." At times, the "4th bad false report" appeared to reference a disciplinary report written by Ryan Basten on June 28,

1

2016.[1] But the "4th bad false report" also was linked to a report written by a "bad corrections officer" (possibly an individual identified in the First Amended Complaint as Richard Pharrell) on "July 6, 2016, the summer of this 21st century." Ultimately, the Court dismissed the First Amended Complaint finding that it failed to comply with federal pleading standards and allowed Plaintiff until January 12, 2017 to file a Second Amended Complaint.

On January 11, 2017, Plaintiff filed a Motion for Extension of Time. (Doc. 11). The Court granted Plaintiff's motion and allowed Plaintiff until March 15, 2017 to file his Second Amended Complaint. (Doc. 12). Plaintiff failed to file a Second Amended Complaint in this case. On March 14, 2016, however, Plaintiff filed a Second Amended Complaint in another action presently pending in the Southern District of Illinois—*Hamilton v. Brookman, et al.,* No. 3:16-cv-1034-SMY.

The Court has reviewed the Second Amended Complaint filed in 3:16-cv-1034-SMY (Doc. 12) in an attempt to determine if Plaintiff simply mislabeled the pleading (*i.e.*, in an attempt to determine if Plaintiff actually intended to file the pleading in the instant action).[2] With respect to the parties, the Court notes the following:

- The Second Amended Complaint includes five of the six individuals or entities who are presently Defendants in the instant action: (1) Baldwin–IDOC director, (2) Rauner–Governor, (3) Pharrell–Lieutenant, (4) Butler–Former Chief Administrative Officer, Menard, and (5) the Board Members of Illinois Department of Corrections;

- Basten (presently a Defendant in this case) is not identified as a defendant in the Second Amended Complaint; and

- The Second Amended Complaint includes a number of additional defendants.

The allegations in the Second Amended Complaint are also confusing and extremely difficult to discern. The Court notes that the Second Amended Complaint references allegedly false disciplinary tickets,

---

[1] The First Amended Complaint asserts Basten wrote the "4th bad false report" (Doc. 8, p. 2) and further indicates the report was written "on 6-28-2016 around 4:00 pm." (Doc. 8, p. 6). Approximately 118 pages of exhibits are attached to the First Amended Complaint. There is no clear logic to Plaintiff's selection of exhibits. The Court notes a disciplinary report dated June 28, 2016 written by "R. Basten" is included in Plaintiff's exhibits. (Doc. 8-1, p. 21). It is not clear what, if any, disciplinary action resulted from this disciplinary report or if a disciplinary hearing was held in relation to this report.

[2] An identical Motion for Extension of Time was filed in No. 3:16-cv-1034-SMY. The Court notes that a Second Amended Complaint was not due in No. 3:16-cv-1034-SMY. Accordingly, the filing of a Motion for Extension of Time and a Second Amended Complaint in that action tends to indicate Plaintiff may be confusing the two actions.

including a "fourth bad disciplinary ticket," written in July 2016. Unfortunately, however, the 50-page Second Amended Complaint also includes numerous allegations that do not appear to be related to this litigation. Ultimately, the Court cannot determine if Plaintiff mistakenly filed the subject pleading in the wrong action. The bottom line is this—Plaintiff clearly indicated that the pleading was indicated for No. 3:16-cv-1034-SMY, and he has failed to comply with this Court's Order to file a Second Amended Complaint in *this* action on or before March 15, 2017.

Considering these facts, Plaintiff has failed to comply with an order of this Court, and his action could be dismissed at this time. Considering the possibility that Plaintiff made a mistake, however, the Court will allow Plaintiff one final chance to file a Second Amended Complaint in *this* action. If Plaintiff wishes to proceed with this action, he must file a Second Amended Complaint on or before **May 16, 2017**. The Second Amended Complaint must comply with the Court's directives set forth in the disposition below.

Plaintiff is **ORDERED** to file a Second Amended Complaint on or before **May 16, 2017**. Plaintiff should label the form **Second Amended Complaint**, **and he should use the case number for this action 16-cv-1050-NJR**. The Second Amended Complaint shall split each of Plaintiff's claims into separate counts, labeled Count 1, Count 2, and so on. For each count, Plaintiff should state, in chronological order, what happened to him that constituted a deprivation of his constitutional rights, and who was personally involved. Plaintiff should keep his allegations clear and concise. The Court reminds Plaintiff that an amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, Plaintiff must prepare and file a Second Amended Complaint that stands on its own without reference to any prior complaints.

Plaintiff is further **ADVISED** that should he decide to file a Second Amended complaint, it is strongly recommended that he use the forms designed for use in this district for such actions. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

3

Should the Second Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. With regard to exhibits, the Court emphasizes that only *relevant* exhibits should be included. Voluminous exhibits are not necessary at this point in the litigation. **Failure to file a Second Amended Complaint shall result in the dismissal of this action with prejudice**. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED:  April 18, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

+