IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL ROBERT HAMILTON,<br># B-26391,<br><br>                       Plaintiff,<br><br>vs.<br><br>RYAN BASTEN,<br>RICHARD PHARRELL,<br>KIMBERLY BUTLER,<br>JOHN BALDWIN,<br>BOARD MEMBERS OF ILLINOIS<br>DEPARTMENT OF CORRECTIONS,<br>and BRUCE RAUNER,<br><br>                       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 16-cv-1050-NJR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Daniel Robert Hamilton, an inmate at Menard Correctional Center, filed his original complaint on September 19, 2016. (Doc. 1). Although far from clear, the original complaint attempted to bring claims pertaining to one or more allegedly false disciplinary reports. Before the Court could screen Plaintiff's original complaint, he filed a First Amended Complaint (Doc. 8), which he was entitled to do without leave of court under Federal Rule of Civil Procedure 15(a)(1)(A).

The First Amended Complaint did not survive threshold review under 28 U.S.C. § 1915; it was dismissed for failure to state a claim upon which relief may be granted on December 19, 2016. (Doc. 10). The dismissal was without prejudice to Plaintiff filing a Second Amended Complaint on or before January 12, 2017. On January 11, 2017, Plaintiff filed a Motion for

Extension of Time. (Doc. 11). The Court granted the requested extension, allowing Plaintiff until March 15, 2017 to file his Second Amended Complaint. When Plaintiff failed to comply with the extended deadline, the Court *sua sponte* entered an order granting a second extension. (Doc. 13). As explained in the Court's order allowing for a second extension, the Court was concerned that Plaintiff had mistakenly filed his Second Amended Complaint in the wrong action.[1] Because of the possible mistake, the Court allowed Plaintiff one final opportunity to file a Second Amended Complaint in *this* action. Plaintiff was directed to file the Second Amended Complaint on or before May 16, 2017. The Court explicitly warned Plaintiff that failure to comply would result in a with prejudice dismissal of the action and that the dismissal would count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

That deadline has now passed. Plaintiff has not filed a Second Amended Complaint. He also has failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, because the complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to

---

[1] On March 14, 2016, Plaintiff filed a Second Amended Complaint in another action presently pending in the Southern District of Illinois—*Hamilton v. Brookman*, et al., No. 3:16-cv-1034-SMY.

appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 2, 2017**

<pre>
                                        s/ NANCY J. ROSENSTENGEL
                                        NANCY J. ROSENSTENGEL
                                        United States District Judge
</pre>